UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH A. LEVINE,

                          Plaintiff,

                                                08-CV-6072

                    v.                          **DECISION
                                                and ORDER**

THE GREECE CENTRAL SCHOOL DISTRICT and
MONROE 2 - ORLEANS BOARD OF COOPERATIVE
EDUCATIONAL SERVICES, DAVID MANCUSO,
KATHERINE MADONIA, DONALD NADOLINSKI,
DEBORAH HOEFT, AMY PERISKY, KENNETH
MERKEY and other KNOWN or UNKNOWN PARTIES,

                          Defendants.
_____

## INTRODUCTION

       Plaintiff Joseph Levine ("plaintiff" and/or "Levine") brings
this action against defendants Greece Central School District (the
"District"), Donald Nadolinski ("Nadolinski"), Deborah Hoeft
("Hoeft"), Amy Perisky ("Perisky"), Kenneth Merkey ("Merkey")
(collectively the "District Defendants"), Monroe 2 - Orleans Board
of Cooperative Educational Services ("BOCES"), David Mancuso
("Mancuso") and Katherine Madonia ("Madonia") (collectively the
"BOCES Defendants"). The complaint contains six separately
enumerated causes of action against defendants arising out of the
special education and related services plaintiff received beginning
in 2005. Specifically, plaintiff alleges that defendants failed to
provide plaintiff with a free appropriate public education ("FAPE")
pursuant to the Individuals with Disabilities Education Act
("IDEA") in violation of: 1) the IDEA; 2) Section 504 of the

Rehabilitation Act of 1973 ("Section 504" or the "Rehabilitation Act"); 3) the Americans with Disabilities Act ("ADA"); 4) the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; 5) the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and 6) 42 U.S.C. §1983.

The District Defendants and BOCES Defendants (collectively "defendants") now move to dismiss the claims brought by plaintiff pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants contend that it is undisputed that plaintiff failed to exhaust his administrative remedies as it relates to his IDEA and IDEA-related claims. Moreover, plaintiff has not set forth an adequate claim of futility and accordingly, plaintiff's admitted failure to exhaust his administrative remedies requires the dismissal of his claims under Fed.R.Civ.P. 12(b)(1) since the Court lacks subject matter jurisdiction over such claims. Defendants alternatively argue that even assuming that plaintiff's claims are not subject to dismissal for lack of subject matter jurisdiction, plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff concedes that he did not exhaust his administrative remedies. However, plaintiff argues that the exhaustion requirement would have been futile because: (1) defendants allegedly had a "long history of failing" plaintiff; (2) the administrative process would have resulted in "innumerable administrative meetings;" and

(3) defendants allegedly failed to notify plaintiff of "the exhaustion requirement." See id., ¶77. In addition, plaintiff alleges that he was not required to exhaust administrative remedies because the District waived its right to assert that defense. See id., ¶78.

For the reasons set forth below, the defendants' motions to dismiss under Rule 12(b)(1) for failure to exhaust administrative remedies is granted.

**BACKGROUND**

**A.   Facts**

The complaint alleges that plaintiff is a student in the Greece Central School District and at all relevant times to the claims in the Complaint received special education and related services from the District. See Compl. ¶16-17. During the relevant time period, plaintiff attended classes at the District and at BOCES pursuant to the Bridges Program, which offers alternatives to students who are at risk of leaving high school. See id., ¶21.

Plaintiff admits that he did not exhaust his administrative remedies, but to avoid dismissal argues that exhaustion of administrative remedies would have been futile. Defendants argue that while exhaustion has been excused in situations where a party has not received any notice of the procedural rights afforded to it under the IDEA, that is not the case here since plaintiff has been informed of his procedural rights under the IDEA. The District sent plaintiff's parents a copy of the July 1, 2005 Procedural

Safeguards Notice prepared by the Commissioner. See id., ¶61. The Notice advised parents of their procedural rights, including their right to request an impartial hearing, their right to appeal the hearing officer's final decision to the State Review Officer ("SRO"), and their right to appeal the SRO's final decision to either a state or federal court. See id. In addition, the District subsequently sent plaintiff's parents another Procedural Safeguards Notice dated September 13, 2005 with the same notice provisions. See id. Again, in October 2007 the District sent plaintiff's parents yet another Procedural Safeguards Notice with similar notice language. See id., ¶62. The District claims that it was only required by law to inform the plaintiff and/or his parents of their procedural rights under the IDEA, a requirement that plaintiff acknowledges the District fulfilled. See id., ¶¶61-62. However, the District was not required to walk the plaintiff through the administrative process.

## B.    Procedural History

Plaintiff, through his parents, previously commenced an action on August 22, 2007 in this Court ("Action I").[1] In Action I, plaintiff alleged that he was denied access to special education services and denied FAPE by the District and BOCES. See Action I Compl., ¶¶14, 16-19. Defendants moved to dismiss the Complaint in Action I contending, among other things, that plaintiffs had failed

---

[1]Action I was commenced by plaintiff's parents on his behalf since he was seventeen years old at the time Action I was filed. Plaintiff reached the age of majority on November 22, 2007 and thus commenced this current action on his own behalf.

to exhaust their administrative remedies under the IDEA. On January 4, 2008, plaintiffs filed a Notice of Voluntary Dismissal of their Complaint in response to defendants motion to dismiss for failure to exhaust administrative remedies. Thereafter, on February 19, 2008, plaintiff commenced this current action. The most significant difference between the current Complaint and the Complaint in Action I is that plaintiff now alleges that he fits within the futility exception to the exhaustion of administrative remedies rule of the IDEA. See Compl., ¶¶61-74, 77-78. On April 2, 2008 and May 16, 2008, the BOCES Defendants and the District Defendants respectively moved to dismiss the Complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff responded on July 31, 2008. The District Defendants and BOCES Defendants replied on August 15, 2008 and August 18, 2008 respectively.

## **DISCUSSION**

### I.    **Motion to Dismiss Standard**

The BOCES Defendants and the District Defendants have moved to dismiss both under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs." See J.S. ex rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir.2004) (citation omitted). Moreover, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue,

but we may not rely on conclusory or hearsay statements contained in the affidavits." See id. (citations omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir.2005).

In considering a motion for dismissal under Rule 12(b)(6), the Supreme Court has expressly stated that it favors the requirement that the plaintiff plead enough facts "to state a claim for relief that is plausible on its face." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ----, 127 S.Ct. 1955, 1969 (2007). The Court explained that the complaint "must be enough to raise a right to relief above the speculative level." See id. at 1965. To be clear, Bell Atlantic does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." See id. at 1974.

The Second Circuit has interpreted Bell Atlantic to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." See Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007). In applying this standard, the district court must still accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir.2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005). In deciding a

12(b)(6) motion, the Court is confined to "the allegations contained within the four corners of the complaint." See Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir.1998). However, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir.2002). "Of course, it may also consider matters of which judicial notice may be taken[.]" See Kramer v. Time Warner, Inc., 837 F.2d 767, 773 (2d Cir.1991)(Courts "routinely take judicial notice of documents filed in other courts ... not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings.")

"A court presented with a motion to dismiss under both Fed.R.Civ.P. 12(b)(1) and 12(b)(6) must decide the 'jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" See Coveal v. Consumer Home Mortgage, Inc., 2005 WL 2708388, at *2 (E.D.N.Y.2005) (quoting Magee v. Nassau County Med. Ctr., 27 F.Supp.2d 154, 158 (E.D.N.Y.1998)); see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir.1990) (noting that a motion to dismiss for failure to state a claim may be decided only after finding subject matter jurisdiction).

## II.   **The IDEA's Exhaustion Requirement**

It is well-settled that, prior to bringing a suit in federal court under the IDEA, plaintiffs must exhaust all available administrative procedures. See 20 U.S.C. § 1415(l). In the State of New York, these include an impartial hearing and an appeal of the hearing officer's decision to a SRO. See 20 U.S.C. §§1415(f), (g); 8 N.Y.C.R.R. §200.5. Parents may request a hearing to present complaints relating to the "identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child." See 20 U.S.C. §1415(b)(6). "[F]ailure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction." See Polera v. Bd. of Educ. of the Newburgh Enlarged City Sch. Dist., 288 F.3d 478, 483 (2d Cir.2002) (citing Hope v. Cortines, 69 F.3d 687, 688 (2d Cir.1995)).[2]

Furthermore, the IDEA statute requires plaintiffs with any claims related to the education of disabled children, whether brought under IDEA or another statute (i.e., the Rehabilitation Act), to exhaust the administrative remedies available under IDEA prior to initiating a federal lawsuit. See 20 U.S.C. §1415(l)

---

[2]Plaintiff contends that defendants' motions to dismiss is premature since the failure to exhaust is an affirmative defense that can be raised only "after the answer is served." See Pl. Br. at 9. This argument is without merit since the law in the Second Circuit is that "failure to exhaust is a jurisdictional bar, not an affirmative defense that is subject to waiver." See Avoletta v. City of Torrington, 2008 WL 905882 at *8 (D.Conn.2008); see also Combier-Kapel v. Biegelson, 2007 WL 1704953 at *1 (2d Cir.2007) (district court lacked subject matter jurisdiction over unexhausted IDEA claims); M.K. v. Sergi, 554 F.Supp.2d 201, 218 (D.Conn.2008), citing Polera, 288 F.3d at 483 (holding that "[a] plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction").

("Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.") (citations omitted); see also Polera, 288 F.3d at 481 ("[P]otential plaintiffs with grievances related to the education of disabled children generally must exhaust their administrative remedies before filing suit in federal court, even if their claims are formulated under a statute other than the IDEA (such as the ADA or the Rehabilitation Act)"); accord J.S., 386 F.3d at 112; Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 248 (2d Cir.2008) ("The language of Section 1415(l) of the IDEA is sufficiently broad and encompasses complaints asserted under any federal statute, as long as they seek relief available under the IDEA."); Hope v. Cortines, 872 F.Supp. 14, 17 (E.D.N.Y.), aff'd, 69 F.3d 687 (2d Cir.1995) (holding that ADA, §1983 and §2000d claims are subject to IDEA's exhaustion requirement).[3]

---

[3]Similarly, IDEA's exhaustion requirement can apply despite plaintiff's claim for damages, which are not available under the statute. See Polera, 288 F.3d at 487 ("Courts in the Second Circuit have required exhaustion of administrative remedies even where damages were held to be unavailable through the administrative process. In such cases, plaintiffs were not permitted to evade the IDEA's exhaustion requirement merely by tacking on a request for money damages."); Buffolino v. Bd. of Educ. of Sachem Cent. Sch. Dist. at Holbrook, 729 F.Supp. 240, 247

In determining whether plaintiff should be subject to the exhaustion requirement, the Second Circuit instructs courts "to consider whether administrative review would further the goals of developing facts, making use of available expertise, and promoting efficiency." See J.S., 386 F.3d at 113 (citing Hoeft v. Tucson Unified Sch. Dist., 967 F.2d 1298, 1303 (9th Cir.1992)). Here, plaintiff concedes that he did not exhaust his administrative remedies. As discussed above, plaintiff's admitted failure to exhaust his administrative remedies deprives this Court of subject matter jurisdiction over his IDEA and IDEA-related claims.

### III. **The Futility Exception to the Exhaustion Requirement**[4]

The exhaustion requirement does not apply in situations in which "exhaustion would be futile because administrative procedures do not provide adequate remedies." See Heldman v. Sobol, 962 F.2d 148, 158 (2d Cir.1992) (citing Honig v. Doe, 484 U.S. 305, 326-27 (1988) (stating that "parents may bypass the administrative process where exhaustion would be futile or inadequate") and Smith v. Robinson, 468 U.S. 992, 1014 n. 17 (1984)). Such futility has been found where: (1) the plaintiff would be seeking administrative

---

(E.D.N.Y.1990) ("[I]f the Court were to hold that plaintiffs in this case are excused from exhausting their remedies because adequate relief could not be obtained, plaintiffs could avoid administrative procedures merely by asking for relief that administrative authorities could not grant."); see also B.D. v. DeBuono, 130 F.Supp.2d 401, 428 (S.D.N.Y.2000) ("[P]laintiffs should not be allowed to avoid the administrative requirements of IDEA by claiming only monetary damages or other relief not available under IDEA.").

[4] The BOCES Defendants contend that plaintiff's entire futility argument is predicated on alleged wrongdoing by the District and accordingly, these allegations cannot be used as a basis for finding that exhaustion of administrative remedies would have been futile as it relates to the BOCES Defendants. See Boces Defs. Reply Br. at 5. Boces Defendants contend that plaintiff's claims against them must be dismissed.

relief from the same entity that failed to implement specific provisions of the student's individualized education program ("IEP"); (2) the problems alleged are "systemic violations" that cannot be addressed by the available administrative procedures; or (3) the agency would have been unable to remedy the alleged injury at the time it occurred. See Polera, 288 F.3d at 488-89; J.S., 386 F.3d at 113; see also Michaels v. Mills, 2004 WL 816918 at *3 n. 17 (W.D.N.Y. 2004) ("[T]here are several exceptions to the IDEA's exhaustion requirement, including, (1) futility, (2) 'an agency has failed to provide services specified in the child's ... [IEP]' and (3) 'an agency has adopted a policy or pursued a practice of general applicability that is contrary to law.'") (citations omitted).

### A.    Administrative Relief

Plaintiff attempts to avoid dismissal of his claim for lack of subject matter jurisdiction by arguing that he falls within the futility exception to the IDEA's exhaustion requirement. The party seeking to avoid exhaustion bears the burden of showing futility. See Polera, 288 F.3d at 488 n. 8 (citing Honig, 484 U.S. at 327). Plaintiff argues that "there was no point to [plaintiff] filing another SED [State Education Department] complaint in an attempt to enforce compliance with the CAP [Compliance Assurance Plans] that SED imposed on the District in his favor." See Pl. Br. at 10. Plaintiff's argument is baseless because the administrative remedy

that he was required to exhaust was an impartial hearing and not a complaint to SED.

The IDEA requires an aggrieved party to exhaust his or her administrative remedies through the detailed processes outlined in §1415 of the statute prior to seeking relief in court. See 20 U.S.C. §1415 et. seq. The plaintiff was required to have a hearing before an IHO and then a second hearing before an SRO of the New York State Education Department. See 20 U.S.C. §§1415(k)(3), 1415(g). Only after the administrative hearing and appeals process is exhausted does the plaintiff have "the right to bring a civil action with respect to the complaint" in a state court or federal district court. See Handberry v. Thompson, 436 F.3d 52, 60 (2d Cir.2006) quoting J.S., 386 F.3d at 112 ("It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court[.]")

Exhaustion of administrative remedies is required so that disputes regarding the education of disabled children are first analyzed by administrators with expertise in the area who can promptly resolve grievances. See J.S., 386 F.3d at 112. "Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings

in their educational programs for disabled children." See id. (quotation marks and citation omitted); see also Polera, 288 F.3d at 487. At the very least, the administrative process will provide a helpful record for those issues before the federal court. See id. at 113.

Moreover, plaintiff's reliance on SJB v NY City Dep't of Educ., 2004 WL 1586500 (S.D.N.Y.2004) is misplaced. See Pl. Br. at 9-10. Unlike SJB, plaintiff here never pursued a decision from an IHO. Plaintiff in this case merely filed a complaint with the SED. In addition, unlike the present plaintiff, the SJB plaintiff was seeking enforcement of several prior and favorable IHO decisions. Accordingly, unlike the instant case, the educational expertise of administrators "had already produced a binding plan for the education of SJB ... [a]ll that remained was for the defendant to implement it." See SJB, 2004 WL 1586500 at *5. In this case, plaintiff proceeded directly to litigation and failed to utilize the educational expertise of the administrators.

As is clear from the Complaint, plaintiff does not seek to enforce what he deems to be an appropriate IEP. Rather, plaintiff alleges that the District "failed to set up an appropriate IEP." See Compl. ¶55; see also Compl. ¶60 ("...even though [the District] now were mandated [i.e. by the SED] to provide for [plaintiff's] IEP, they continued to fail to include [plaintiff's] parents in creating an IEP, continued to fail to place [plaintiff] in alternative placement, continued to fail to create an appropriate

IEP[.]") These are precisely the kinds of "factual issues [that] are best left to the expertise of the involved agencies rather than the courts." See Michaels, 2004 WL 816918 at *3; see also Polera, 288 F.3d at 487 n. 3 (noting that the "IDEA's exhaustion requirement was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in an area and promptly resolve grievances"); Heldman, 962 F.2d at 159, n. 17 ("The exhaustion doctrine prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes").

Further, plaintiff's "failure to implement" argument as a basis for the futility exception to the exhaustion requirement also fails. See Polera, 288 F.3d at 489; see also SJB 2004 WL 1586500 at * 5 ("[W]here an IEP-related claim is based on a district's failure to implement services already spelled out in an IEP, exhaustion is excused.") (citing Polera, 288 F.3d at 489, and Heldman, 962 F.2d at 158 n. 11); Michaels, 2004 WL 816918 at *3 ("[T]he 'legislative history of the IDEA suggests an exhaustion exception for situations concerning the implementation of an IEP, as opposed to the contents of an IEP.'") (emphasis in original) (quotations omitted). In evaluating claims of futility on the basis of "failure to implement," the Second Circuit has advised that

> [A] court must closely examine a plaintiff's claims
> before concluding that they involve nothing more than
> "implementation" of services already spelled out in an
> IEP. Here, [plaintiff's] assertion that her claim relates

> solely to implementation does not make it so.... Polera's
> claim unavoidably encompasses both a failure to provide
> services and a significant underlying failure to specify
> what services were to be provided.

See Polera, 288 F.3d at 489. Here, plaintiff does not even attempt to categorize his claim as merely a claim for implementation. Instead, he asserts that the District Defendants failed to create an appropriate IEP for him, failed to place him in an alternative placement, and failed to provide requested services. See Compl. at ¶¶ 55,60,68,79. This Court finds that, even construing the facts most favorably to plaintiff, he has failed to meet his burden of demonstrating that, on the basis that his claim involves a failure to implement services set forth in IEP plans, exhaustion of administrative remedies would be futile in this case. Thus, plaintiff is not excused from the exhaustion requirement on this ground.

## B.   Proper Notice

Exhaustion of administrative remedies will be dispensed with "[w]here the State is to blame for the failure of plaintiffs to exhaust their administrative remedies because it somehow deprived them of their right to proper notice and a hearing in accordance with due process." See Buffolino, 729 F.Supp. at 245; see also J.G. v. Bd. of Educ. of Rochester City School Dist., 830 F.2d 444, 447 (2d Cir.1987). With regard to the defendants' motions to dismiss, the Court finds that the plaintiff's failure to exhaust his administrative remedies prior to commencement of this action is not excusable. Essentially, plaintiff contends that he did not receive

proper notice of his administrative remedies from the District and therefore his failure to exhaust his administrative remedies should be excused. Due to the nature of the evidence at hand, the Court finds that the District fully informed plaintiff and his parents of "their right to proper notice and a hearing in accordance with due process." See Buffolino, 729 F.Supp. at 245.

Firstly, the plaintiff and/or his parents admittedly received Procedural Safeguards Notices in July 2005, September 2005 and October 2007. See Compl. at ¶¶61-62. The notices advised parents of the procedural rights afforded to them, including their right to request an impartial hearing, their right to appeal the hearing officer's final decision to the SRO, and their right to appeal the SRO's final decision to either a state or federal court. See id. Most importantly, plaintiff's only issue with these notices is that they did not advise him that his administrative remedies had to be exhausted before filing a law suit. The District however, was under no obligation to provide such notice nor can plaintiff point to any authority which requires such a notification. See Rabideau v. Beekmantown Cent. Sch. Dist., 89 F.Supp.2d 263, 270 (N.D.N.Y.2000) (dismissing plaintiffs' IDEA claim for failure to exhaust administrative remedies where plaintiffs "were sent notice of their due process rights" to an impartial hearing). Therefore, the Court is persuaded that the District fully informed plaintiff of his right to pursue an impartial hearing.

C.    Systemic Violations

Plaintiff also argues that he should be excused from the exhaustion requirement on the basis that his claims allege "systemic violations" of IDEA. Specifically, plaintiff bases his systemic violations argument on (1) the fact that the District was named as a defendant in a class action lawsuit entitled K.B. et al. v. Bd. of Educ. of the Greece Cent. Sch. Dist., 05-CV-6262 (DGL) ("K.B."), which was settled; and (2) the allegation that the District "continued a policy and practice of denying FAPE to students placed in BOCES 2 Bridges Program." See Pl. Br. at 12. The District Defendants contend that even if true, which they argue are not, plaintiff's allegations fail to establish the existence of systemic violations.

The Second Circuit has found systemic violations where the complaint alleges "wrongdoing that is inherent in the program itself and not directed at any individual child." See J.S., 386 F.3d at 113. Specifically, where a school completely fails to implement the procedures set forth in IDEA, systemic violations that cannot be cured by administrative procedures are present. See Handberry, 446 F .3d at 344 (declining to apply exhaustion requirement where "individual administrative remedies would be insufficient to address the defendants' failure to provide the services required by the IDEA.") (citation omitted); J.S., 386 F.3d at 114 (describing systemic violations as those which "could not have been remedied by administrative bodies because the framework

and procedures for assessing and placing students in appropriate educational programs were at issue, or because the nature and volume of complaints were incapable of correction by the administrative hearing process").

In <u>J.S.</u>, the Second Circuit held that systemic violations were present where six students brought a complaint styled as a class-action, challenging a school district's "total failure to prepare and implement [IEPs]," and the district's dereliction of its duties: "to notify parents of meetings as required by law," "to provide parents with legally required progress reports," "to provide appropriate training to school staff," "to perform timely evaluations and reevaluations of disabled children," "to provide parents with required procedural safeguards regarding identification, evaluation, and accommodation of otherwise disabled children," and "to perform legally required responsibilities in a timely manner, including providing and implementing transition plans, transitional support services, assistive technology services, and declassification services for children with disabilities." <u>See</u> 386 F.3d at 115.

Similarly, in <u>Handberry</u>, the Second Circuit relied upon its decision in <u>J.S.</u> in holding that plaintiffs were excused from exhausting their administrative remedies under IDEA based upon the futility exception for systemic cases where the complaint alleged that New York City jails had failed to provide any educational services, including special educational services, to prison

inmates. See Handberry, 446 F.3d at 343-44 (citing J.S., 386 F.3d at 114-15). The Second Circuit noted that application of the exhaustion requirement was not appropriate because "[t]he purposes of exhaustion--to allow[ ] for the exercise of discretion and educational expertise by state and local agencies[ ]--are unavailing where the alleged issue is the absence of any services whatsoever." See id. at 344 (quotation marks and citations omitted); see also Jose P. v. Ambach, 669 F.2d 865, 867 (2d Cir.1982) (declining to apply exhaustion requirement where plaintiffs challenged New York State and City education authorities' extensive delays in evaluating and placing disabled students in appropriate programs).

In these cases, the Second Circuit has consistently distinguished the problem of inadequate educational programs and facilities, which constitute systemic violations to be addressed by the federal courts, from technical questions of how to define and treat individual students' learning disabilities, which are best addressed by administrators. The instant case presents claims unlike those set forth in J.S., Handberry, and Jose P. The Complaint makes allegations of failure with respect to plaintiff alone and not a failure that "is inherent on the program itself." Specifically, allegations that the District had a "long history of failing [plaintiff]," or that plaintiff's parents would have to "meet in innumerable administrative meetings, without end" in order to resolve the alleged failures, do not support plaintiff's claim

of systemic violations. See Compl. at ¶77. In addition, the
allegations of the Complaint contradict plaintiff's claim that the
violations he alleges were shared by other students of the District
since the Complaint is specifically limited to the services
plaintiff was provided. Importantly, the Complaint asserts that
"other similarly disabled students *have been* provided the means to
achieve a FAPE. Thus, [plaintiff] has been treated differently and
singled out from others with similar learning or other
disabilities." See Compl. at ¶23 (emphasis in original). The Court
finds that these allegations do not constitute systemic violations.

Further, while plaintiff attempts to rely on K.B. and the
subsequent settlement of that case, he does not explain how that
complaint and consent decree demonstrate the existence of systemic
violations in his own Complaint.[5] Plaintiff provides no authority
in support of his argument that a prior law suit that was not
litigated on its merits can show systemic violations in a
subsequent complaint. Accordingly, the Court is not persuaded by
plaintiff's argument. Because plaintiff has not established
systemic violations, plaintiff is therefore not excused from the
exhaustion requirement of IDEA, and this Court may not exercise
subject-matter jurisdiction over plaintiff's IDEA and IDEA-related
claims.

---

[5]The District was named as a defendant in K.B., which was ultimately settled. That the District was named
as a defendant in a case that was settled is irrelevant to plaintiff's Complaint, especially since the consent decree
contained no admission of guilt or misconduct on the District's part. In addition, the terms of the consent decree bar
plaintiff from invoking any of its substantive obligations in this action.

## CONCLUSION

For the reasons set forth above, this Court lacks subject matter jurisdiction over plaintiff's IDEA and IDEA-related claims. Accordingly, the BOCES Defendants and the District Defendants' motions to dismiss are granted pursuant to Rule 12(b)(1) for failure to exhaust. Thus, the Complaint is dismissed in its entirety as against all the defendants.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
      February 4, 2009